# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

IN RE EX PARTE APPLICATION OF
FLAVIO DE CARVALHO PINTO
VIEGAS AND OTHER CLAIMANTS
FOR AN ORDER UNDER 28 U.S.C §
1782 TO TAKE DISCOVERY FROM
JOSÉ HENRIQUE CUTRALE FOR USE
IN FOREIGN PROCEEDING,

IN RE EX PARTE APPLICATION OF
FLAVIO DE CARVALHO PINTO
VIEGAS AND OTHER CLAIMANTS
FOR AN ORDER UNDER 28 U.S.C §
1782 TO TAKE DISCOVERY FROM
CUTRALE JUICES USA, INC. FOR
USE IN FOREIGN PROCEEDING,

Case No: 6:25-mc-13-CEM-DCI

## ORDER

In instant case (6:25-mc-13-CEM-DCI), the Court granted Flavio De Carvalho Pinto Viegas and other Claimants' (the Applicants) Ex Parte Application for an Order to Take Discovery from Jose Henrique Cutrale for Use in a Foreign Proceeding pursuant to 28 U.S.C. § 1782. In case number 6:25-mc-14-CEM-DCI, the Court granted the Applicants' Ex Parte Motion to Take Discovery from Cutrale Citrus Juices USA, Inc. for Use in a Foreign Proceeding pursuant to 28 U.S.C. § 1782. The Court consolidated the two cases and designated case number 6:25-mc-13-CEM-DCI as the lead case. Doc. 27.

After consolidation, Respondents filed a "Motion to Vacate Orders Made Pursuant to 28 U.S.C. § 1782 and to Quash Related Subpoenas and Supporting Memorandum of Law." Doc. 28 (the Motion to Vacate). The Motion to Vacate remains pending, but the Court has stayed the case pending the underlying United Kingdom court's decision in the Limitation Preliminary Issue Trial.

Doc. 54. The Court directed the parties to file a status update and gave leave to file supplemental briefs to address any remaining issues related to Respondents' Motion to Vacate. *Id*.

The parties have since filed a "Joint Status Report and Proposals for Extension of Stay Entered" and state that "The High Court of England. . . handed down its judgment on December 8, 2025, holding that the claims are time-barred under Brazilian law (the applicable substantive law in the English proceeding). . ., as well as the judgment[.]" Doc. 55. The parties represent that the Applicants are "currently preparing their permission to appeal application in accordance with this deadline" and "[i]t is anticipated that the Court of Appeal, depending on its capacity and workload, will render its decision on the application for permission to appeal within several months of January 12, the permission to appeal deadline." *Id*. at 2, 3. The parties add that "[i]f permission is granted, it is anticipated that judgment in any appeal could take a year or more from the time at which permission is granted." *Id*. at 3. As such, both parties propose an extension of the Court's stay but differ on the length of the extension. *Id*. at 3 to 4.[1] The parties also "propose that the leave to file supplemental briefing to address any remaining issues, if anything, related to [the Motion to Vacate] be extended consistent with the extended stay period should the Court enter an order to stay as proposed in this Joint Status Report." *Id*. at 4.

The Court finds that an extension of the stay is warranted but that piecemeal supplemental briefing no longer makes sense based on the status update. The case is complex given the foreign nature of the proceeding and the High Court of England's recent judgment. Given the changing

---

[1] The Applicants request that the stay be lifted if permission to appeal is granted so that "1782 discovery can be progressed." Doc. 55 at 3. Respondents, however, "deny that the 1782 discovery should be allowed if the appeal is allowed" and "request that this Court continue the current stay pending the English appellate court's decision on the permission to appeal application, and any appeal should permission be granted[.]" Both parties request that the Court order the parties to file a joint status report within 30 days after the English Court of Appeal's decision regarding permission to appeal. *Id*. at 3, 4.

posture of the English case, a continuation of the filing of supplemental briefs serves only to complicate the procedural posture of this proceeding and cloud the nature of the requested relief and the issues that remain live for this Court's consideration. If Respondents still seek relief after resolution of the appeal, Respondents may file a renewed motion that sets forth Respondents' full argument in support of the request to vacate the Court's Order on the discovery.

Accordingly, it is **ORDERED** that:

1. Respondents' Motion to Vacate (Doc. 28) is **DENIED without prejudice**;

2. the parties request to extend the stay (Doc. 55) is **GRANTED in part** to the extent that the current stay shall continue pending further order from the Court. The parties shall file a joint status update within 30 days of the English Court of Appeal's decision on the Applicants' application for permission to appeal and specify whether the instant case is rendered moot pursuant to the English Court of Appeal's decision on the application; and

3. the remainder of the parties' request (Doc. 55) is **DENIED**. If the parties would like the Court to lift the stay for any reason, they may file a motion requesting that relief. If the Court lifts the stay and this case proceeds, Respondents may renew the request to vacate the Court's Order on the discovery and the Applicants may respond in accordance with the Local Rules of this Court. The parties are reminded that they may not incorporate by reference all or part of any other motion, legal memorandum, or brief. *See* Local Rule 3.01(h).

**ORDERED** in Orlando, Florida on December 31, 2025.

_____
DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE